22cv 57



Revised 03/06 WDNY

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

## FORM TO BE USED IN FILING A CIVIL COMPLAINT IN FEDERAL COURT
### (Non-Prisoner Context)

All material filed in this Court is now available via the **INTERNET**. See **Pro Se Privacy Notice** for further information.

### 1. CAPTION OF ACTION

**A.**    **Full Name of Plaintiff: NOTE:** *If more than one plaintiff files this action and seeks in forma pauperis status, **each** plaintiff must submit an in forma pauperis application or the only plaintiff to be considered will be the plaintiff who filed an application.*

## DARWIN J GUTIERREZ - FLORES

–vs–

**B.**    **Full Name(s) of Defendant(s) NOTE:** *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant.* Add a separate sheet, if necessary.

1. U.S. Department of Justice
2. (ICE) U.S. Immigration and Customs Enforcement
3. Department of Homeland Security
4. E.R.O Buffalo / Michael Phillips
5. 
6. 

### 2. STATEMENT OF JURISDICTION, VENUE and NATURE OF SUIT
*All of these sections **MUST** be answered*

*Identify the basis for federal Court jurisdiction over your claim, such as that the United States government is a party to the action, all the parties reside in different states and therefore you claim diversity jurisdiction, or the claim presents a federal question or arises under federal law.*

A. Basis of Jurisdiction in Federal Court:   28 U.S.C.  & 2401 (b)

*State why the Western District of New York is the proper venue for this action, such as that your claim arises in or the defendant resides in the 17 westernmost counties of New York State.*

B. Reason for Venue in the Western District:   Buffalo N.Y. Resident

*Identify the nature of this action, such as that it is a civil rights claim, a personal injury or personal property (tort) claim, a property rights claim, or whatever it is.*

C. Nature of Suit:   Tort Claim / Lawsuit

## 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION  NOTE:** *To list additional plaintiffs, use this format on another sheet of paper.*

Name of First Plaintiff: Darwin J Gutierrez - Flores

Present Address: 79 Marine Drive  Apt # 11 G
Buffalo, NY 14202

Name of Second Plaintiff:

Present Address:


**DEFENDANT'S INFORMATION  NOTE:** *To list additional defendants, use this format on another sheet of paper.*

Name of First Defendant: U.S. Department of Justice

Official Position of Defendant (if relevant): Civil Division, Tort Branch Federal Tort Claims

Address of Defendant: Post Office Box 888, Benjamin Franklin Station
Washington, D.C. 20044

Name of Second Defendant: (ICE) Immigration and Customs Enforcement

Official Position of Defendant (if relevant):

Address of Defendant: 2025 M ST N.W., Washington, D.C.  20036


Name of Third Defendant: Michael Phillips  E.R.O / Buffalo

Official Position of Defendant (if relevant): Control Officer

Address of Defendant: 250 Delaware Avenue,  Floor 7; Buffalo, N.Y. 14202


## 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

**A.**    Have you begun any other lawsuits in **state or federal court** dealing with **the same facts involved in this action**?

Yes ☐    No ✔

**If Yes, complete the next section.** NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1.    Name(s) of the parties to this other lawsuit:

Plaintiff(s):

Defendant(s): _____

_____

2.  Court (if federal court, name the district; if state court, name the county): _____

_____

3.  Docket or Index Number: _____

4.  Name of Judge to whom case was assigned: _____

5.  The approximate date the action was filed: _____

6.  What was the disposition of the case?

    Is it still pending?  Yes ☐   No ☐

       If not, give the approximate date it was resolved. _____

    Disposition (check those statements which apply):

    ☐ <u>Dismissed</u> (check the statement which indicates why it was dismissed):

        ☐ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

        ☐ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

        ☐ By court due to your voluntary withdrawal of claim;

    ☐ <u>Judgment</u> upon motion or after trial entered for

        ☐ plaintiff

        ☐ defendant.

## 5.  STATEMENT OF CLAIM

**Please note** that it is not enough to just list the ground(s) for your action. You **must** include a statement of the facts which you believe support each of your claims. In other words, just tell the story of what happened and do not use legal jargon.

**Fed.R.Civ.P. 8(a)** states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir. 1995).

**Fed.R.Civ.P. 10(b)** states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far a practicable to a single set of circumstances."

**A. FIRST CLAIM:** On *(date of the incident)* I Was Malicious Prosecuted _____,

defendant *(give the **name and (if relevant) the position held** of each defendant involved in this incident)* Sent or Deported to die in Honduras on or about March 21, 2014 as a U.S. Citizen since July 7, 1996.

did the following to me (*briefly state what each defendant named above did*): _____

_____

_____

_____

_____

_____

_____

_____

The federal basis for this claim is: _____

_____

State briefly **exactly** what you want the Court to do for you. *Make no legal arguments and cite no cases or statutes*:

_____

_____

_____

**B. SECOND CLAIM:** On (*date of the incident*) I Was Malicious Prosecuted _____,

defendant (*give the name and (if relevant) position held of each defendant involved in this incident*) Upon Docket
number issue by, This court Suplementary Documents will be added

_____

did the following to me (*briefly state what each defendant named above did*): _____

_____

_____

_____

_____

_____

The federal basis for this claim is: Denied by U.S. Department of Justice
See Attachement, Dated August 13, 2021

State briefly **exactly** what you want the Court to do for you. *Make no legal arguments and cite no cases or statutes*:
Make a reasonable and Just Judgement of the case.

_____

**If you have additional claims, use the above format to set them out on additional sheets of paper.**

## 6. SUMMARY OF RELIEF SOUGHT

*Summarize the relief requested by you in each statement of claim above.*

$ 5,000,000.00

Do you want a **jury trial**?  Yes ✔   No ☐

## I declare under penalty of perjury that the foregoing is true and correct.

Executed on _1-20-2022_
(date)

**NOTE:** *Each plaintiff must sign this complaint and must also sign all subsequent papers filed with the Court.*

Signature(s) of Plaintiff(s)



**U.S. Department of Justice**

Civil Division, Torts Branch
Federal Tort Claims Act Staff

_Post Office Box 888_
_Benjamin Franklin Station_
_Washington, D.C. 20044_

JGT:GKJ:MBorchert:mb
157-16-65099

AUG 1 3 2021

CERTIFIED MAIL - 7018 0360 0000 2632 7935
RETURN RECEIPT REQUESTED
Mr. Darwin Johan Gutierrez Flores
79 Marine Drive
Apartment 11G
Buffalo, NY 14202

Re:  Administrative Tort Claim of Darwin Johan Gutierrez Flores

Dear Mr. Flores:

    We have reviewed the administrative tort claim you submitted to the U.S. Department of Justice on August 20, 2019, relative to the alleged acts or omissions of employees of the Executive Office for Immigration Review, the Immigration and Customs Enforcement, and the Department of Homeland Security occurring from June 13, 2011, through August 25, 2017. After careful consideration, it has been determined that your claim is not compensable. Accordingly, your claim must be and hereby is denied.

    I am required by law (28 C.F.R. §14.9(a)) to inform you that, if you are dissatisfied with the denial of your claim under the Federal Tort Claims Act, you may file suit in an appropriate United States District Court no later than six months after the date of mailing of this notification. 28 U.S.C. § 2401(b).

                Very truly yours,

                JAMES G. TOUHEY, JR.
                Director, Torts Branch

cc:    Ms. Jill Anderson
       General Counsel
       Office of the General Counsel
       Executive Office for Immigration Review

Chief, District Court Litigation Division
Office of the Principal Legal Advisor
U.S. Department of Homeland Security
Immigration and Customs Enforcement

Mr. Joseph B.  Maher
Acting General Counsel
Department of Homeland Security



**U.S. Department of Justice**

Civil Division, Torts Branch
Federal Tort Claims Act Staff

_____

*Post Office Box 888*
*Benjamin Franklin Station*
*Washington, D.C.  20044*

GKJ:HLSwann:hls
157-16-NEW

September 5, 2019

Mr. Darwin Johan Gutierrez Flores
79 Marine Drive
Apartment 11G
Buffalo, NY  14202

     Re:  <u>Administrative Tort Claim of Darwin Johan Gutierrez Flores</u>

Dear Mr. Flores:

     This is in response to your administrative tort claim dated August 15, 2019, which you submitted to the Department of Justice (Department).   The Department received the claim on August 20, 2019.   The Department will be handling your claim as lead agency pursuant to 28 C.F.R. § 14.2(b).   All future correspondence concerning this claim should be directed to the Department at the address above.   We will contact you if further information is needed.

     Very truly yours,

     *Hope L. Swann*

     HOPE L. SWANN
     Paralegal Specialist
     Civil Division, Torts Branch

September 12, 2020.


Darwin Johan Gutierrez Flores
79 Marine Drive
Apartment 11G
Buffalo, N.Y. 14202

157-16-NEW

Ms. Hope L. Swann
Paralegal Specialist
Civil Division, Torts Branch

Post Office Box 888
Benjamin Franklin Station
Washington, D.C. 20044


Re: Waiting for response on Tort Claim

Dear: Ms. Hope L. Swann


I Submitted a Tort Claim August 15, 2019. Which was received by your department on August 20, 2019 as Lead Agency and I have not hear absolutely nothing, I understand this year have been a tragic on regard of the pandemic we are facing. I am not lawyer; I would like a response as soon as possible or in the least within 30 days. If I do not receive a response, I will be moving forward with my claim with the United States District Court for the Western District of New York in 30 days.


Very truly yours,


Darwin Johan Gutierrez Flores



**U.S. Department of Justice**

Civil Division, Torts Branch
Federal Tort Claims Act Staff

_____

*Post Office Box 888*
*Benjamin Franklin Station*
*Washington, D.C.   20044*

GKJ:HLSwann:hls
157-16-65099

September 24, 2020

Mr. Darwin Johan Gutierrez Flores
79 Marine Drive
Apartment 11G
Buffalo, NY   14202

     Re:   <u>Administrative Tort Claim of Darwin Johan Gutierrez Flores</u>

Dear Mr. Flores:

     This is in regard to your correspondence dated September 12, 2020, which you presented to the Department of Justice (Department).   The Department received your correspondence on September 17, 2020.   In your correspondence, you request the status of your claim.   Due to the sheer volume of claims received by this office, we are unable to provide status reports.   We will contact you if further information is needed.

     Very truly yours,

*Hope L. Swann*

     HOPE L. SWANN
     Paralegal Specialist
     Civil Division, Torts Branch

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse.) Number, Street, City, State and Zip code. |
|---|---|
| U.S. Department of Justice Civil Division, Tort Branch Federal Tort Claims Act Staff. Post Office P.O. Box 888 Benjamin Franklin Station Washington, D.C. 20044 | Darwin J. Gutierrez-Flores 79 Marine Dr. Apt #11G Buffalo, NY. 14202 |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY  ☑ CIVILIAN | 4. DATE OF BIRTH<br>5-9-1980 | 5. MARITAL STATUS<br>Single | 6. DATE AND DAY OF ACCIDENT<br>July, 2011 | 7. TIME (A.M. OR P.M.)<br>5:AM |
|---|---|---|---|---|

8. BASIS OF CLAIM (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

Darwin J. Gutierrez   79 Marine Dr. Apt #11G   Buffalo, NY. 14202

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) | |
| Michele Sardo<br>Francis Suazo<br>Darwin Gutierrez (son) | 24 Winegar Pl<br>West Seneca.<br>NY  14210 | |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| | yes | | 5000000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side).<br>Darwin L | 13b. PHONE NUMBER OF PERSON SIGNING FORM<br>(716) 417-6979/716)541-4904 | 14. DATE OF SIGNATURE<br>8-15-2019 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

| Authorized for Local Reproduction Previous Edition is not Usable<br>95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95 (REV. 2/2007)<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2 |
|---|---|---|

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance?  ☐ Yes  If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.  ☒ No

16. Have you filed a claim with your insurance carrier in this instance, and so is it full coverage or deductible?  ☐ Yes  ☒ No

17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

19. Do you carry public liability and property damage insurance?  ☐ Yes  If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).  ☒ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident.  If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid.  A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted.  Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations.  If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
   A.  *Authority:*  The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B.  *Principal Purpose:*  The information requested is to be used in evaluating claims.
C.  *Routine Use:*  See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D.  *Effect of Failure to Respond:*  Disclosure is voluntary.  However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501.  Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention:  Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC  20530 or to the Office of Management and Budget.  Do not mail completed form(s) to these addresses.

**STANDARD FORM 95** REV  (2/2007) BACK



No. **A3267711**

**CERTIFICATE OF** **CITIZENSHIP**

*USCIS Registration No.* A43562957

*Personal description of holder as of date of issuance of this certificate: Sex* MALE *; Date of birth* MAY 9, 1980 *;*
*Height* ** *feet* ** *inches; Marital status* SINGLE *; Country of birth* HONDURAS

*I certify that the description above given is true, and that the photograph affixed hereto is a likeness of me*

*(Complete and true signature of holder)*



*Be it known that:* DARWIN JOHAN GUTIERREZ FLORES

*now residing at* BUFFALO, NEW YORK

*having applied to the Director of U.S. Citizenship and Immigration Services for a certificate*
*of citizenship pursuant to Section 341 of the Immigration and Nationality Act,*
*having proved to the satisfaction of the Director, that (s)he is now a citizen of the*
*United States of America, became a citizen thereof on* JUNE 7, 1996
*and is now in the United States.*

*Now Therefore, in pursuance of the authority contained in Section 341 of the Immigration*
*and Nationality Act, this certificate of citizenship is issued this* 22ND *day of* DECEMBER
TWO THOUSAND AND SIXTEEN *and the seal of the Department of Homeland Security*
*affixed pursuant to statute.*

ALTERATION OR MISUSE OF THIS DOCUMENT
IS A FEDERAL OFFENSE AND PUNISHABLE BY LAW

057

*U.S. Citizenship and Immigration Services*

**DEPARTMENT OF HOMELAND SECURITY**

BUREAU OF ENGRAVING AND PRINTING

FORM N-560 (REV. 10/12)



*Homeland Security Investigations*
*International Operations*

U.S. Department of Homeland Security
500 12ᵗʰ Street. S.W.
Washington, D.C. 20536-5112

**U.S. Immigration and Customs Enforcement**

**MEMORANDUM FOR:**   ERO
Enforcement and Removal Operations
BUFFALO

**FROM:**   Jose M. De Jesus
Unit Chief, PLEPU

**DATE:**   11/04/2016

**SUBJECT:**   Significant Public Benefit Parole (Arrival)   (Case #: IAO 49110 / SL)

Please be advised that Significant Public Benefit Parole for **two (2) days** has been authorized for the following individual(s).  Subject's entry is limited to the **MIAMI PORT OF ENTRY.**

| Name | A-Number | FCO | DOB | POB | POE |
|------|----------|-----|-----|-----|-----|
| GUTIERREZ-Flores, Darwin John | A043 562 957 | BUF | 05/09/1980 | Honduras | MIA |

The FCO Contact is: Martin Stanford   (716) 565-2039

The Control Officer is: Michael Phillips  (OTHER)  716 843 7611

**U. S Department of Homeland Security**
Immigration and Customs Enforcement

**AUTHORIZATION FOR PAROLE OF AN ALIEN**

**INTO THE UNITED STATES**

| Name of Alien | (First) | (Middle) | (Last) | Date | **December 6, 2016** |
|---|---|---|---|---|---|
| **Darwin Johan GUTIERREZ Flores. AKA Darwin John GUTIERREZ Flores** | | | | File Number | **A043562957** |

| Date of Birth (Month) (Day) (Year) | Place of Birth (City or town) | (State or province) | (Country) |
|---|---|---|---|
| **May 9. 1980** | | | **HONDURAS** |

| U.S. Address | (Apt. number and/or in care of) | (Number and street) | (City or town) | (State) | (ZIP Code) |
|---|---|---|---|---|---|

Presentation of the attached duplicate of this document will authorize a transportation line to accept the named bearer on board for travel to the United States without liability under section 273 of the Immigration and Nationality Act for bringing an alien who does not have a visa.

Presentation of the original of this document prior to _____ **December 13, 2016** _____ will authorize an immigration officer at port of entry in the United States to permit the named bearer, whose photograph appears heron, to enter the United States.

[X]  As an alien paroled pursuant to the Immigration and Nationality Act.

[ ]

Remarks :   **SIGNIFICANT PUBLIC BENEFIT PAROLE** for a period of **two (2) days** has been authorized commencing with subject's arrival in the United States.  The travel document must be issued within 60 days from the date of authorization memorandum (11/04/2016).  It is valid for travel within Seven (7) days of its issuance and limited to **MIAMI POE**.  DHS - PLEPU has waived all known ineligibilities for Parole Purposes only.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

POC: Jose M. De Jesus – Case # IAO 49110 / SL
The FCO Contact is: Martin Stanford 716 - 565 - 2039
The Control Officer is: Michael Phillips (OTHER) 716 - 843 - 7611

Lesly Company, ICE Assistant Attaché

HQ, Washington - PLEPU

_____
**(Signature of Immigration Officer)**

_____
**(Authorizing Office)**



ARRIVAL STAMP

Dec 11 2016
Significant
Public Benefit

Dec 9 2016   MIP   5212

Form I-512 (Rev. 10-1-82) Y

## CERTIFICATE OF SERVICE

On August 15, 2019, I Darwin Johan Gutierrez Flores, the undersigned, served the within:

> Addendum to Standard Form 95
> Exhibits 1 through 17

On each person/entity listed below addressed as follows:

> By regular mail

Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

U.S. Department of State
2201 C Street NW
Washington, DC 20520

U.S. Citizenship and Immigration Services
306 Delaware Avenue
Buffalo, NY 14202

Office of the Principal Legal Advisor
Immigration and Customs Enforcement
U.S. Department of Homeland Security
500 12th Street SW, Washington, DC
20024

U.S. Customs and Border Protection
Office of the Chief Counsel
1300 Pennsylvania Avenue, NW
Washington, DC 20229

U.S. Department of Health and Human Services
Office of the General Counsel
200 Independence Ave. SW
Washington, DC 20201

Office of the Chief Clerk
Board of Immigration Appeals
5201 Leesburg Pike, Suite 2000
Falls Church, VA 22041

OPLA – ICE
U.S. Department of Homeland Security
500 12th Street SW
Washington, DC 20024

U.S. CIS – DHS
Office of the Chief Counsel
20 Massachusetts Ave. NW Room 4210
Washington, DC 20529-2120

Office of General Counsel
U.S. Department of Homeland Security
245 Murray Lane
SW Mail Stop 0485
Washington, DC 20528-0485

I declare under penalty of perjury that the foregoing is true and correct.
Execute on August 15, 2019 at Buffalo, N.Y.

Darwin Johan Gutierrez Flores

**ADDENDUM TO STANDARD FORM 95**

**8. BASIS OF CLAIM**

On a timely request from a (**BIA**) decision dated August 22, 2017 (**See, Ex. 1**)

I.  I Darwin Gutierrez-Flores Automatically Derived U.S. Citizenship from my mother
Azucena Flores on July, 7 1996 under the now repealed Section 1432(a) that section
Was replaced by 8 U.S.C §1431 [INA§320 (a)], Child Citizenship Act("**CCA**")
Effective on February 27, 2001. **I Met all of the criteria of** section 1432(a), codified at
INA § 321(), on July 7, 1996. Therefore, I've became an automatically derived United
States citizen (**U.S.C.**), on that day. Hughes v. Ashcroft, 255 F.3d 752, 760, (9th Cir.
2001) (holding that "the granted automatic citizenship … to those children who were
under the age of 18, and who met the other criteria, on or after February 27, 2001"). On
**my case was under the now repealed section** 1432(a) in which was still applicable in
my case I was 16 years old and living in the United States as lawful permanent resident in
the physical and legal and sole custody of my mother, Azucena Flores. My mother had
naturalized on July 7, 1996. (**See, Ex. A**) (Certificate of Naturalization). Accordingly by
automatic operation of law, I became a **U.S.C** citizen on July 7 1996 and I've has been a
citizen ever since.

My citizenship was not recognized by Immigration Judge STEVEN J. CONNELLY (**IJ**) In
BATAVIA, NY, who therefore the (**IJ**) did not terminated removal proceedings and order my
removal to Honduras on March 27, 2012. (**See, Ex. B**)(I.J.Op., attached). Moreover, on an
appeal submitted on November 25, 2011 to the Board of Immigration Appeal (**BIA**), The
Department of Homeland Security (**DHS**) conceded that many individuals cases whose claims
mirrors my were indeed derivatives U.S. citizen. (**See, Ex.** Rowe, Gorsiras, Hines cases?).

**II.  DHS Has Important Legal Obligations to Individuals Claiming U.S. Citizenship**

Prior to exercising its civil enforcement authority, **DHS** must "establish the facts supporting
deportability by clear, unequivocal, and convincing evidence. " Woodby v. INS, 385 U.S. 276,
277(1996). Additionally, **ICE** headquarters has issued policy memoranda requiring all agents to
investigate fully any individual's claim to U.S. citizenship prior to taking him into custody and
initiating removal proceedings. (**See, e.g., Ex. 5**) (Memorandum from John Morton, Assistant
Secretary, **ICE**, to Field Office Directors, Special Agents in Charge, and Chief Counsels,
"Superseding Guidance on Reporting and Investigating claims to United State Citizenship"
( Nov. 19, 2009).

The 2009 Memorandum further requires that any claim to U.S. citizenship by individuals already in DHS custody be "immediately examine[d]."(**See,Ex.?**) Local agents must be prepared a report within twenty-four hours and submit it to headquarters, and headquarters' response must be noted in the ENFORCE Alien Removal Module (EARM) (. Id. Thus, all decisions as to an individual's citizenship status should be readily apparent from this standard interface. Finally, "[i]f the individual's claim is credible on if the individual's claim is credible on its face, or if the investigation results in probative evidence that the detained individual is a USC, the individual should be released from detention. " Id.

III.   **DHS's Tortious Conduct Caused me to Lose 5 Years of my Life in 36 month in DHS Custody and 2 years as a deportee in Honduras; to Undergo the Anxiety of Removal Proceedings for Almost Three Years; and to Suffer Long-Term Mental and Emotional Distress to this day, family events like the birth of my son, graduations, sister wedding.e** and Miss

Despite having determined that I was a U.S. citizen in 2002, DHS caused me extreme mental anguish by initiating removal proceedings in 2011, and subsequently unlawfully detaining me for 3 years, on the incorrect ground that he was deportable alien. On mine numerous efforts to explain my claim to U.S. citizenship were unavailing because ICE failed to reasonably investigate and report them.  Significantly, during my prolonged and unlawful detention, DHS conceded in a 39-page brief to the BIA that respondent  Davino  Hopeton Watson, whose citizenship case mirrors my case had derived U.S. citizenship under the CCA.( **See, Ex.** Watsons case?) see infra Part V. If  DHS had reasonably investigated my claim, or simply been aware of its own position in my case like many other cases around the country, I would not have lost nearly 3 years of my life in DHS custody and 2 and a half years as a deportee in Honduras.

In January 30, 2001, when I was first arrested in North Tonawanda, N.Y., for the offence that ultimate was convicted in Niagara County, NY.  On December 13, 2002, I've received a visit from two ICE agent's, at this time I was arrested by Immigration and Naturalization service (INS), I was finger printed and also signed a Notice of Rights and request for Disposition, (**See, Ex. D**). At this time the agent that told me that he would place a detainer or if I knew any big time criminals to give up they will let me go but also stated that he would make some inquiries and lift the detainer depending on what he learned. A few days later I was release 3 days later from the North Tonawanda jail pending resolution of the case. I assume that ICE had determined that I was a U.S citizen. Accordingly, I was released from the North Tonawanda jail without further contact with ICE.

For this reason, I was shocked when on November 22, 2002 was approached a second time and arrested and finger printed a second time and signed another a Notice of Rights and Request for

Disposition prepare by ICE agent by the name of William V. Bass the 2 at the Niagara County Jail.(See, Ex 8) Also agent William V. Bass the 2 from the United States Department of Justice Immigration and Naturalization service prepare a record of sworn statement in affidavit form and a Derivation of USC check list, (See, Ex 9)

I asked why the agent wished to meet with me or what's this about, as I was a derivative U.S. citizen. First Unknown ICE Agent justify by saying just checking your status. I was convicted of one count of Criminal Contempt 1st. A class E Felony non- violent, I was sentenced on December 13, 2002. Noting that on the record of sentencing minutes the prosecutor had received information that the records from INS showed that I've already derived U.S. Citizenship through my mother and that I was NOT going to be deported, (See, Ex, 10) I was sentence to a term of 001 years, 04 Months with a maximum of 004 years, I was release on conditional release on December 13, 2004 with maximum expiration date April 13, 2006, (See, Ex.11).

I arrived at the Elmira Correctional Facility, in Elmira, NY, on February 13, 2003 to begin my sentence, on that day the reporting officer or director of the Facility Donna J. Goodwin sent to the District Director or officer in charge, Immigration and Naturalization Service in BUFFALO NY a report saying the "The following named person believed to be an Alien was committed to this Correctional Institution as an inmate". That report was received and stamped by Buffalo Immigration and naturalization Services on March 3, 2003. (See, Ex. 12). And on March 4, 2003 at 12:45:40 and 13:08:49 Immigration and Naturalization Service Buffalo was searching their database for Darwin Gutierrez-Flores status that search clearly indicated on their on hand writing the response to Elmira Correctional Facility, "**Elmira USC**" indicating my United States Citizenship. (See, Ex. 13).

ICE issued a Notice to Appear on June 13, 2011, based on my 2002 conviction and after being release from Criminal custody on December 13, 2004 that is eight years after that conviction violating due process of law by denying me bond, and initiating removal proceedings by filing it with the Batavia Immigration Court in, 2011. I was arrested by ICE agents on July 11, 2011 at mine his place of residence 24 Winegar PL, West Seneca, NY 14210 at around 5:30 in the morning I woke up to laud banging on the door by ICE agents claiming that a car park on private property had no insurance, while talking for 30-to 45 minutes through the lock door in my residence I was so scare and always told the ICE agents that I'm a United States Citizen that's why I open the door they ICE agents lie saying we only taking you to ICE headquarters to clear this up. (See, Ex.14) I was taken to the Buffalo ICE Headquarters for finger print Processing and sent to Erie county Holding Center to be transfer to 4250 Federal Drive, Batavia NY, 14020 that is the location of the Batavia Immigration Detention and Immigration court at the time of my removal proceedings, On my first initial appearance in Immigration court with Immigration Judge NANCY R. MCCORMACK via a televised court hearing from Miami, Florida on August 25, 2011 she, will notice the many violations committed already by the adjudicator of my N-600 and also will be committed by known and unknown Immigration And Naturalization Service (INS), Immigration And Customs Enforcement (ICE) agents, Immigration Judge (IJ)

STEVEN J. CONNELLY, and The Department Of Homeland Security Counsels (**DHS**), also the Board Of Immigration Appeals (**BIA**) (See, **Ex. 15**). Working jointly to an unjust denial of bond, failing to investigate my Citizenship claim and after being release from criminal custody seven years prior and nine years after being sentence for the charge of removal giving me a prolong detention in **BATAVIA IMMIGRATION DETENTION FACILITY** violating due process of law causing a tremendous anxiety disorder in which I underwent the stress of unlawful imprisonment denial of rights due process and ultimately removal to Honduras the most dangerous country in the world without a war specially San Pedro Sula where I was born and live that was the most dangerous City in the world at the time of my deportation in March, 2014 giving me a "**DEATH SENTENCE**".

Moreover, I've spent *36 months in criminal at varies Correctional facilities in New York state, After being convicted on* December, 13, 2002, conviction for which I was held in criminal custody until about December, 13 2004. Although was parole until May 2005, Immigration authorities has been notify numerous times for the offence related to my deportation see Exhibits related to notifications to (DHS)(See, **Ex. 7-10, 12-13**).

**IV.**     **NY INS OR BUFFALO US INS OR DHS Buffalo, Failure's to Reasonably Investigate Persisted Despite my Claiming of Citizenship to at Least Three or more INS USCIS OR USINS District Director and Additional INS Officers or ICE Officers**

**A.** <u>**My numerous Encounter's with Unknown and known INS and ICE Agent's**</u>

My first encounter with an INS agent's was on January 30, 2002 when I was arrested and signed a Notice of rights and Request for Disposition (See, **Ex. 7**). I was thereupon handcuffed, and transferred to ICE's processing center in Buffalo NY.

During processing, I informed Second Unknown ICE Agent that I was a U.S. citizen and requested that the agent check his records, The Second time I was encounter by INS/ICE agents was on November 22, 2002 at the Niagara County jail Lockport NY. I was arrest again finger print by ICE/INS agents and signed another NOTICE OF RIGHTS FOR DISPOSITON .(**See, Ex.8**) was stated that his computer records showed that ICE/INS meet with Darwin two weeks prior to his release from criminal custody in 2004 at COLLINS CORRECTIONAL FACILITY, that he had been determined to be a citizen." YOU LUCKY YOUR MOM BECAME A UNITED STATES CITIZEN" Thus, it appears that the EARM had not been updated to reflect that I was a citizen. Rather than indicating that he would investigate my claim, Second Unknown ICE Agent merely told me that I should take up the matter with an Immigration Judge. As such, it appears that Second Unknown ICE Agent failed to take the required step of reporting my case

to headquarters and failed to handle my citizenship claim with "the utmost care and highest priority."

At the time of my many encounters with known and Unknown ICE Agent's, evidence existed that I was a U.S. citizen. First, I was first by informed by known and Unknown ICE Agent's that I was a U.S. citizen. Moreover, I've already had told First Unknown ICE agent that I'm a citizen since 1996. Perhaps most significantly, an ICE agent had agreed with Darwin that he was a derivative U.S. citizen in 2002. Second Unknown ICE Agent was aware of these prior encounters and of evidence of citizenship. Therefore, Second Unknown ICE agent was negligent in failing to report Darwin's case the chain of command. As directed in ICE headquarters' memorandum, "if evidence indicates that if an individual claim he is a U.S. citizen, ICE should neither arrest nor place the individual in removal proceedings. "(See, Ex.5) Moreover, "[i]n all cases, any uncertainly about whether the evidence is probative of U.S. citizenship should weigh against detention."

### 7. Emotional and Physical Distress

At the Batavia Immigration Detention, I was housed with both immigration detainees and violent Federal criminal defendants held on charges ranging from theft to murder, that is a clear violation because immigration is a civil matter.

I was also deeply affected by his mother's reaction to his potential deportation (See, Ex.16). His family members reported that she was terribly anxious and losing weight. I've also lost weight and could not eat for several days when Immigration Judge Steven J. Connelly initially ordered me removed on March 27, 2012.

I've experienced an anxiety disorders that he attributes to his profoundly stressful experiences during removal proceeding and unlawful detention by ICE and DHS and co-conspirators.

While at BATAVIA, I continued to advise ICE/Todd Tryon/deportation officer; Anderson or Henderson and various Immigration agencies by mail that I was a U.S. citizen and should be released. For example, he indicated that I was a U.S citizen both on written "request/reply" forms and orally to a deportation officer Anderson or Henderson who was the deportation officer for the country of Honduras at the time of his removal proceedings I've also provided the deportation officer with (FOIA) documents showing clear proof of US citizenship.

### V.    DHS Failed to Release me or Withdraw Removal charges Even after providing clear evidence that in fact I've have been a citizen of this country since July 7, 1996.

I was unlawfully detained and undergoing the traumatic ordeal of removal proceedings and removal to a country that most violent and that I did not know as my home since I've been in the United States since I was twelve years old this country is what I've known as home since the

time of my arrival in 1992, (**See, Ex. 17**). If DHS had taken its position in many analogous cases around the country that I was a U.S. citizen and released me from detention. Specifically, on November 25, 2011, I've submitted documents from the FREEDOM OF INFORMATION ACT (FOIA) and cases Matters of ROWE, HINES, GORSIRA and more cases around the country, in which it conceded that I was a citizen under the same law.

Like me, HINES, ROWE, GORSIRA was born out-of-wedlock and immigrated to the United States on their mother's visa petition, and derived citizenship when their mothers naturalized and they were under the age of 18. As in all those cases, the legal issue was whether I was "legitimated" under *Matters of Clahar*, 18 I&N Dec (BIA 1981). IN its brief, DHS stated those individuals, who, like ROWE, HINES, and GORSIRA where NOT legitimated under *Matters of Clahar*, were not affected by the BIA's later ruling in *Matters of Hines*, 29 I&N Dec. 544 (BIA 2008), which changed the rule on how legitimation occurs in Jamaica and other parts of the world. Moreover, DHS specifically argued *that Matter of Hines* could NOT apply prospective because Clahar is a visa petition case as they (DHS) ambiguous apply to most of its cases.


Because of all the above-described events, including imposition of an unlawful detainer, the threat of removal, prolonged unlawful incarceration, and the inability to exercise the rights and privileges of citizenship, I have suffered significant mental anguish, anxiety, fear, severe and extreme emotional distress, loss of liberty, loss of wages, attorney fees, humiliation, shame, and emotional and physical upset, some of which injuries are permanent in nature and duration. As a result of acts and omissions by DHS agents and officials, including but not limited to ICE and U.S. Citizenship and Immigrations Services, Darwin was falsely arrested and imprisoned, subjected to the intentional infliction of emotional distress, the negligent infliction of emotional distress, malicious prosecution, vexatious litigation, and abuse of process. Due to their acts and /or omissions, agents of the above listed agencies and/or officials were negligent, reckless, and wanton. Moreover, the above listed agencies and /or officials acted negligently in their hiring, training, retention, and supervision of their agents, employees, and/or officials.


## 10. PERSONAL INJURY

As a result of the tortious conduct and the personal injuries described above in response , I suffered various torts including, but not limited to: false imprisonment; false arrest; malicious prosecution; malicious abuse of process; vexatious litigation; intentional infliction of emotional distress; negligent infliction of emotional distress; negligence; negligent hiring; negligent supervision; negligent retention; and negligent training.

## DAMAGE SEEKING

See Standard Form 95 at 12b. & 12d.

## EXHIBITS

1. **BIA** decision August 22, 2017

2. Mom Certificate of Citizenship

3. Decision of Judge deportation March 27, 2012

4. Cases Rowe, Hines, Gorsira and more

5. John Morton Memorandum November 19, 2009

6. Watsons Case

7. Notice of Rights and request for disposition January 30, 2001.

8. Notice of Rights and request for disposition with finger prints by  William V. Bass II

9. USC check list by William V. Bass II

10. Sentencing Minutes December 13, 2002

11. Length Dates of  Sentence

12. Report sent by Elmira to INS

13. INS Checking Records with hand writing "USC ELMIRA"

14. Arrest by ICE July 2011

15. Transcript Judge Nancy R. McCormack August 25, 2011

16. Moms Letter to Judge

17. Visa Face Sheet

Darwin Johan Gutierrez Flores

# EXHIBIT 1



U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

Murray, Laura                                    DHS/ICE Office of Chief Counsel - BTV
Federal Immigration Appeals Project, PLLC        4250 Federal Dr.
Six Beacon Street, Suite 900                     Batavia, NY 14020
Boston, MA 02108

Name: GUTIERREZ-FLORES, DARWIN ...        A 043-562-957

Date of this notice: 8/22/2017

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

Cynthia L. Crosby
Deputy Chief Clerk

Enclosure

Panel Members:
Kendall Clark, Molly

Userteam: <u>Docket</u>

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File:  043 562 957 – Batavia, NY                Date:     AUG 2 2 2017

In re:  Darwin John GUTIERREZ-Flores a.k.a. Darwin Gutierrez a.k.a. James Rodriguez

IN REMOVAL PROCEEDINGS

MOTION

ON BEHALF OF RESPONDENT:   Laura Murray Tjan, Esquire

ON BEHALF OF DHS:  Chloe Krouse
                                     Assistant Chief Counsel

    This case was last before the Board on July 14, 2015, when we denied the respondent's motion to reopen his removal proceedings.  This case is now before the Board pursuant to an April 4, 2017, decision of the United States Court of Appeals for the Second Circuit.  The Second Circuit remanded the case for the limited purpose of allowing the agency to assess in the first instance the respondent's claim that he is a United States citizen.

    Upon remand, the respondent has proffered evidence that he is now a United States citizen. The Department of Homeland Security (DHS), in turn, has filed a motion to terminate these proceedings based on the respondent's recent acquisition of United States citizenship status.  In view of the foregoing, the following orders will be entered.

    ORDER:  The DHS's motion to terminate is granted, and these proceedings are hereby terminated.[1]

    FURTHER ORDER:  The respondent's motion to reopen is denied as moot.

                    _Molly Kendall Clark_
                         FOR THE BOARD

---

[1] The parties shall notify the Second Circuit of our decision.

# EXHIBIT 2

12/8/2019

https://mail.google.com/mail/u/0/?tab=wm&ogbl#inbox/FMfcgxwDqGvgXJVjGFbVlrCFsNqSGc?projector=1&messagePartId=0.1

azucenaFlores_citizenshipCertificate.jpg

1/2



UNITED STATES OF AMERICA

No. 22396250

Personal description of holder as of date of naturalization:

INS Registration No. A91 347 502

*Date of birth* FEBRUARY 10, 1957

*Sex* FEMALE

*Height:* 5 *feet* 04 *inches*

*Marital status* MARRIED

*Country of former nationality:*

HONDURAS

I certify that the description given is true, and that the photograph affixed hereto is a likeness of me.

*Azucena Flores*

(Complete and true signature of holder)

Be it known that, pursuant to an application filed with the Attorney General

*at* NEW YORK, NY

The Attorney General having found that:

AZUCENA FLORES

*then residing in the United States, intends to reside in the United States (when so required by the Naturalization Laws of the United States), and had in all other respects complied with the applicable provisions of such naturalization laws, and was entitled to be admitted to citizenship, such person having taken the oath of allegiance in a ceremony conducted by the*

U.S. DISTRICT COURT
FOR THE SOUTHERN DISTRICT

*at* NEW YORK, NY *on* JUNE 7TH, 1996

*that such person is admitted as a citizen of the United States of America.*

Commissioner of Immigration and Naturalization

IT IS PUNISHABLE BY U.S. LAW TO COPY, PRINT OR PHOTOGRAPH THIS CERTIFICATE, WITHOUT LAWFUL AUTHORITY.

# EXHIBIT 3

IMMIGRATION COURT
4250 FEDERAL DRIVE, ROOM F108
BATAVIA, NY 14020

In the Matter of

Case No.: A043-562-957

GUTIERRREZ-FLORES, DARWIN-JOHN
    Respondent

IN REMOVAL PROCEEDINGS

ORDER OF THE IMMIGRATION JUDGE

This is a summary of the oral decision entered on _March 27, 2012_.
This memorandum is solely for the convenience of the parties:  If the
proceedings should be appealed or reopened, the oral decision will become
the official opinion in the case.

[X]  The respondent was ordered removed from the United States to _Honduras_.
     or in the alternative to .

[ ]  Respondent's application for voluntary departure was denied and
     respondent was ordered removed to  or in the
     alternative to .

[ ]  Respondent's application for voluntary departure was granted until
     upon posting a bond in the amount of $ _____
     with an alternate order of removal to .

Respondent's application for:

[ ]  Asylum was ( )granted  ( )denied( )withdrawn.
[ ]  Withholding of removal was ( )granted ( )denied  ( )withdrawn.
[ ]  A Waiver under Section _____ was ( )granted ( )denied  ( )withdrawn.
[X]  Cancellation of removal under section 240A(a) was ( )granted  (X)denied
     ( )withdrawn.

Respondent's application for:

[ ]  Cancellation under section 240A(b)(1) was ( ) granted  ( ) denied
     ( ) withdrawn.  If granted, it is ordered that the respondent be issued
     all appropriate documents necessary to give effect to this order.
[ ]  Cancellation under section 240A(b)(2) was ( )granted ( )denied
     ( )withdrawn.  If granted it is ordered that the respondent be issued
     all appropriated documents necessary to give effect to this order.
[ ]  Adjustment of Status under Section _____ was ( )granted ( )denied
     ( )withdrawn.  If granted it is ordered that the respondent be issued
         all appropriated documents necessary to give effect to this order.
[ ]  Respondent's application of ( ) withholding of removal ( ) deferral of
     removal under Article III of the Convention Against Torture was
     ( ) granted (,) denied ( ) withdrawn.
[ ]  Respondent's status was rescinded under section 246.
[ ]  Respondent is admitted to the United States as a _____ until _____.
[ ]  As a condition of admission, respondent is to post a $ _____ bond.
[ ]  Respondent knowingly filed a frivolous asylum application after proper
     notice.
[ ]  Respondent was advised of the limitation on discretionary relief for
     failure to appear as ordered in the Immigration Judge's oral decision.
[ ]  Proceedings were terminated.
[X]  Other: _Motion to terminate under INA §321(a)(3) denied_.
     Date: _March 27, 2012_

STEVEN J. CONNELLY
Immigration Judge

Appeal: Waived/Reserved   Appeal Due By: _April 26, 2012_
        ↳ by Respondent

# EXHIBIT 4

# Cases Related To Derivation of Citizenship

1. Matter of Shawn Theodore Hines
   Cite as 24 I & N Dec. 544 (BIA 2008)

2. Matter of Lawrence Rowe
   Cite as 23 I & N Dec. 462 (BIA 2006)

3. Matter of Gorsira V. Loy
   United States District, D. Connecticut February 16, 2005
   Cite as 357 F. Supp. 2d 453 (D. Conn. 2005)

4. Matter of Carlos Garcia
   United States Court of Appeals, Second Circuit
   Cite as 643 F. 3d 367 (2nd Cir. 2011)

5. Matter of Nwozu V. Holder
   United States Court of Appeals, Second Circuit
   Docket No. 11-5089-ag
   Decided: August 12, 2013

And more around the country…..

# EXHIBIT 5

Policy Number: 16001.1
FEA Number: 045-01

*Office of the Assistant Secretary*

**U.S. Department of Homeland Security**
500 12th Street, SW
Washington, D.C. 20536



**NOV 1 9 2009**

**U.S. Immigration
and Customs
Enforcement**

MEMORANDUM FOR:     Field Office Directors
                    Special Agents in Charge
                    Chief Counsels

FROM:               John Morton
                    Assistant Secretary

SUBJECT:            Superseding Guidance on Reporting and Investigating Claims
                    to United States Citizenship

This memorandum supersedes the guidance issued on November 6, 2008, entitled "Superseding
Guidance on Reporting and Investigating Claims to United States Citizenship." This guidance is
intended to ensure claims to U.S. citizenship receive immediate and careful investigation and
analysis.

While performing their duties, U.S. Immigration and Customs Enforcement (ICE) officers, agents,
and attorneys, may encounter aliens who are not certain of their status or claim to be United States
citizens (USC). As the Immigration and Nationality Act (INA) provides numerous avenues for a
person to derive or acquire U.S. citizenship, ICE officers, agents, and attorneys, should handle
these matters with the utmost care and highest priority. While some cases may be easily resolved,
because of the complexity of citizenship and nationality law, many may require additional
investigation and substantial legal analysis. As a matter of law, ICE cannot assert its civil
immigration enforcement authority to arrest and/or detain a USC. Consequently, investigations
into an individual's claim to U.S. citizenship should be prioritized and Office of Investigations (OI)
and Detention and Removal Operations (DRO) personnel must consult with the Office of the
Principal Legal Advisor's (OPLA) local Office of the Chief Counsel (OCC) as discussed below.

### Claims at the Time of Encounter

When officers and agents encounter an individual who they suspect is without lawful status but
claims to be a USC, the situation will fall into one of three categories:  1) evidence indicates the
person is a USC; 2) some evidence indicates that the individual may be a USC but is inconclusive;
and 3) no probative evidence indicates the individual is a USC. If evidence indicates the individual
is a USC, ICE should neither arrest nor place the individual in removal proceedings. Where there
is *some* probative evidence that the individual is a USC, officers and agents should consult with
their local OCC as soon as practicable. After evaluating the claim, if the evidence of U.S.
citizenship outweighs evidence to the contrary, the individual should not be taken into custody.
The person may, however, still be placed in removal proceedings if there is reason to believe the

Subject:   Superseding Guidance on Reporting and Investigating Claims to United States Citizenship

individual is in the United States in violation of law.  Finally, where no probative evidence of U.S. citizenship exists and there is reason to believe the individual is in the United States in violation of law, the individual may be arrested and processed for removal.  In all cases, any uncertainty about whether the evidence is probative of U.S. citizenship should weigh against detention.

### Claims by Individuals Subject to an NTA

Agents and officers must fully investigate the merits of any claim to citizenship made by an individual who is subject to a Notice to Appear (NTA), whether the claim was made before or after the NTA was served on the individual.  Such investigations should be prioritized and OI and DRO personnel should consult with their local OCC as soon as practicable when investigating such claims.  In addition, OI and DRO, along with their local OCC, must jointly prepare a memorandum examining the claim using the attached template.  A notation should be made in the Enforce Alien Removal Module (EARM) and a copy of the memorandum should be placed in the alien's A-file.  The memorandum should also be saved in the General Counsel Electronic Management System (GEMS) and notated using the designated GEMS barcode.

### Claims by Detained Individuals

If an individual already in custody claims to be a USC, an officer must immediately examine the merits of the claim and notify and consult with his or her local OCC.  If the individual is unrepresented, an officer must immediately provide the individual with the local Executive Office for Immigration Review (EOIR) list of pro bono legal service providers, even if one was previously provided.

DRO and OPLA must also jointly prepare and submit a memorandum examining the claim and recommending a course of action to the HQDRO Assistant Director for Operations at the "USC Claims DRO" e-mailbox and to the HQOPLA Director of Field Operations at the "OPLA Field Legal OPS" e-mailbox.  Absent extraordinary circumstances, this memorandum should be submitted no more than 24 hours from the time the individual made the claim.  HQDRO and HQOPLA will respond to the field with a decision on the recommendation within 24 hours.  A notation should be made in EARM and a copy of the memorandum and resulting decision should be placed in the alien's A-file.  The memorandum and resulting decision should also be saved in GEMS and notated using the designated GEMS barcode.

If the individual's claim is credible on its face, or if the investigation results in probative evidence that the detained individual is a USC, the individual should be released from detention.  Any significant change in circumstances should be reported to the "USC Claims DRO" e-mailbox and the "OPLA Field Legal Ops" e-mailbox.

### Examination of the Merits

Interviews with detainees making such claims must be conducted by an officer or agent in the presence of and/or in conjunction with a supervisor.  Interviews will be recorded as sworn statements and must include all questions needed to complete all fields on a Record of Deportable

Subject:   Superseding Guidance on Reporting and Investigating Claims to United States Citizenship

Alien, Form I-213.  In addition, the sworn statement must include additional probative questions designed to elicit information sufficient to allow a thorough investigation of the person's claim of citizenship.  Additional steps to be taken may include vital records searches, family interviews, and other appropriate investigative measures.  Officers and agents should also work with their local United States Attorney's Office to ensure that any statement includes information sufficient to use in prosecuting appropriate cases under 18 U.S.C. § 911, should it ultimately come to light that the individual intentionally made a false claim to U.S. citizenship.

### State and Local Officers with Authority under INA § 287(g)

Field Office Directors (FODs) and Special Agents in Charge (SACs) shall ensure that all state and local officers with delegated immigration authority pursuant to INA § 287(g) within their area of responsibility understand and adhere to this policy.  FODs and SACs are expected to thoroughly investigate all USC claims made by individuals encountered by 287(g) designated officers.

# EXHIBIT 6

Matter of Divino Watson

United States Court Of Appeals, Second Circuit

Docket No: 09-0657-ag

Decided: May 31, 2011

EXHIBIT 7

U.S. Department of Justice

Immigration and Naturalization Service

## Notice of Rights and Request for Disposition

File No:_____

Name:_____

---

### NOTICE OF RIGHTS

You have been arrested because immigration officers believe that you are illegally in the United States. You have the right to a hearing before the Immigration Court to determine whether you may remain in the United States. If you request a hearing, you may be detained in custody or you may be eligible to be released on bond, until your hearing date. In the alternative, you may request to return to your country as soon as possible, without a hearing.

You have the right to contact an attorney or other legal representative to represent you at your hearing, or to answer any questions regarding your legal rights in the United States. Upon your request, the officer who gave you this notice will provide you with a list of legal organizations that may represent you for free or for a small fee. You have the right to communicate with the consular or diplomatic officers from your country. You may use a telephone to call a lawyer, other legal representative, or consular officer at any time prior to your departure from the United States.

---

### REQUEST FOR DISPOSITION

_____ ☐ I request a hearing before the Immigration Court to determine whether or not I may remain in the
Initials      United States.

_____ ☐ I believe I face harm if I return to my country. My case will be referred to the Immigration Court
Initials      for a hearing.

_____ ☐ I admit that I am in the United States illegally, and I believe I do not face harm if I return to my
Initials      country. I give up my right to a hearing before the Immigration Court. I wish to return to my
              country as soon as arrangements can be made to effect my departure. I understand that I may be
              held in detention until my departure.

_____          _____
Signature of Subject                              Date

---

### CERTIFICATION OF SERVICE

☐ Notice read by subject

☐ Notice read to subject by _____, in the _____ language.

_____          _____
Name of Service Officer (Print)                  Name of Interpreter (Print)

_____          _____
Signature of Officer                              Date and Time of Service

Form I-826 (4/1/97) N

S. Department of Justice
Immigration and Naturalization Service

**Notificación de Derechos y Solicitud de Resolución**

Expediente No: *A43562957*

Nombre: *DARWIN JOHAN GUTIERREZ-FLORES*

## NOTIFICACION DE DERECHOS

Usted ha sido detenido porque el Servicio de Inmigración opina que se encuentra en los Estados Unidos ilegalmente. Tiene derecho a una audiencia ante el Tribunal de Inmigración, con el fin de decidir si puede permanecer en los Estados Unidos. En el caso de que Usted solicite esa audiencia, pudiera quedar detenido o tener derecho a la libertad bajo fianza hasta la fecha de la audiencia. Tiene la opción de solicitar el regreso a su país a la brevedad posible, sin que se celebre la audiencia.

Usted tiene derecho a comunicarse con un abogado u otro representante legal para que lo represente en la audiencia, o para responder a cualquier pregunta acerca de sus derechos conforme a la ley en los Estados Unidos. Si Usted se lo pide, el funcionario que le haya entregado esta Notificación le dará una lista de las asociaciones jurídicas que podrían representarlo gratuitamente o a poco costo. Tiene derecho a comunicarse con el servicio consular o diplomático de su país. Puede usar el teléfono para llamar a un abogado, o a otro representante legal, o a un funcionario consular en cualquier momento anterior a su salida de los Estados Unidos.

## SOLICITUD DE RESOLUCION

*DG* ☑ Solicito una audiencia ante el Tribunal de Inmigración que resuelva si puedo o no permanecer
iniciales    en los Estados Unidos.

_____ ☐ Considero que estaría en peligro si regreso a mi país. Mi caso se trasladará al Tribunal de
iniciales    Inmigración para la celebración de una audiencia.

_____ ☐ Admito que estoy ilegalmente en los Estados Unidos, y no considera que estaría en peligro si
iniciales    regreso a mi país. Renuncio a mi derecho a una audiencia ante el Tribunal de Inmigración.
           Deseo regresar a mi país en cuanto se pueda disponer mi salida. Entiendo que pudiera
           permanecer detenido hasta mi salida.

_____
Firma del sujeto

*01/30/02*
Fecha

## CERTIFICATION OF SERVICE

☒ Notice read by subject

Notice read to subject by _____, in the _____ language.

_____
Name of Service Officer (Print)

_____
Name of Interpreter (Print)

_____
Signature of Officer

_____
Date and Time of Service

Form I-826 (4/1/97) N

# EXHIBIT 8

**U.S. Department of Justice**

Immigration and Naturalization Service

## Notice of Rights and Request for Disposition

Name: _____     File No:_____

---

### NOTICE OF RIGHTS

You have been arrested because immigration officers believe that you are illegally in the United States. You have the right to a hearing before the Immigration Court to determine whether you may remain in the United States. If you request a hearing, you may be detained in custody or you may be eligible to be released on bond, until your hearing date. In the alternative, you may request to return to your country as soon as possible, without a hearing.

You have the right to contact an attorney or other legal representative to represent you at your hearing, or to answer any questions regarding your legal rights in the United States. Upon your request, the officer who gave you this notice will provide you with a list of legal organizations that may represent you for free or for a small fee. You have the right to communicate with the consular or diplomatic officers from your country. You may use a telephone to call a lawyer, other legal representative, or consular officer at any time prior to your departure from the United States.

---

### REQUEST FOR DISPOSITION

_____ ☐ I request a hearing before an immigration judge to determine whether or not I may remain in the
Initials       United States.

_____ ☐ I believe I face harm if I return to my country. My case will be referred to the Immigration Court
Initials       for a hearing.

_____ ☐ I admit that I am in the United States illegally, and I believe I do not face harm if I return to my
Initials       country. I give up my right to a hearing before the Immigration Court. I wish to return to my
               country as soon as arrangements can be made to effect my departure. I understand that I may be
               held in detention until my departure.

_____          _____
Signature of Subject                                                    Date

---

### CERTIFICATION OF SERVICE

☐ Notice read by subject
☐ Notice read to subject by _____, in the _____language.

_____          _____
Name of Service Officer (Print)                                Name of Interpreter (Print)

_____          _____
Signature of Officer                                           Date and Time of Service

Form I-826 (4/1/97) N

U.S. Department of Justice
Immigration and Naturalization Service

**Notificación de Derechos y Solicitud de Resolución**

Expediente No: *A 43 562 957*

Nombre: *Darwin Johan GUTIERREZ-FLORES*

## NOTIFICACION DE DERECHOS

Usted ha sido detenido porque el Servicio de Inmigración opina que se encuentra en los Estados Unidos ilegalmente. Tiene derecho a una audiencia ante el Tribunal de Inmigración, con el fin de decidir si puede permanecer en los Estados Unidos. En el caso de que Usted solicite esa audiencia, pudiera quedar detenido o tener derecho a la libertad bajo fianza hasta la fecha de la audiencia. Tiene la opción de solicitar el regreso a su país a la brevedad posible, sin que se celebre la audiencia.

Usted tiene derecho a comunicarse con un abogado u otro representante legal para que lo represente en la audiencia, o para responder a cualquier pregunta acerca de sus derechos conforme a la ley en los Estados Unidos. Si Usted se lo pide, el funcionario que le haya entregado esta Notificación le dará una lista de las asociaciones jurídicas que podrían representarlo gratuitamente o a poco costo. Tiene derecho a comunicarse con el servicio consular o diplomático de su país. Puede usar el teléfono para llamar a un abogado, o a otro representante legal, o a un funcionario consular en cualquier momento anterior a su salida de los Estados Unidos.

## SOLICITUD DE RESOLUCION

*DG* ☑ Solicito una audiencia ante el Tribunal de Inmigración que resuelva si puedo o no permanecer
Iniciales    en los Estados Unidos.

_____ ☐ Considero que estaría en peligro si regreso a mi país. Mi caso se trasladará al Tribunal de
Iniciales    Inmigración para la celebración de una audiencia.

_____ ☐ Admito que estoy ilegalmente en los Estados Unidos, y no considera que estaría en peligro si
Iniciales    regreso a mi país. Renuncio a mi derecho a una audiencia ante el Tribunal de Inmigración.
            Deseo regresar a mi país en cuanto se pueda disponer mi salida. Entiendo que pudiera
            permanecer detenido hasta mi salida.

*Darwin Gutierrez*                              *11-22-02*
Firma del sujeto                                    Fecha

## CERTIFICATION OF SERVICE

☑ Notice read by subject

☐ Notice read to subject by _____, in the _____ language.

*William V. Bass II*                              *N/A*
Name of Service Officer (Print)                  Name of Interpreter (Print)

*William V. Bass II*                    *11/22/02   12:00pm*
Signature of Officer                    Date and Time of Service

Form I-826 (4/1/97) N

**FEDERAL BUREAU OF INVESTIGATION, UNITED STATES DEPARTMENT OF JUSTICE**
**WASHINGTON, D.C. 20537**

PRIVACY ACT OF 1974 (P.L. 93-579) REQUIRES THAT FEDERAL, STATE OR LOCAL AGENCIES INFORM INDIVIDUALS WHOSE SOCIAL SECURITY NUMBER IS REQUESTED WHETHER SUCH DISCLOSURE IS MANDATORY OR VOLUNTARY, BASIS OF AUTHORITY FOR SUCH SOLICITATION, AND USES WHICH WILL BE MADE OF IT.

| JUVENILE FINGERPRINT | DATE OF ARREST | ORI | |
|---|---|---|---|
| SUBMISSION        YES ☐ | MM DD YY | CONTRIBUTOR | NYINSBU00 USINS BUFFALO, NY |
| | 11/22/02 | ADDRESS | |
| TREAT AS ADULT    YES ☐ | | REPLY    YES ☐ DESIRED? | |

| SEND COPY TO: (ENTER ORI) | DATE OF OFFENSE | PLACE OF BIRTH (STATE OR COUNTRY) | COUNTRY OF CITIZENSHIP |
|---|---|---|---|
| | MM DD YY 11/22/02 | Honduras | NATZ (Derive) USC |

| MISCELLANEOUS NUMBERS | SCARS, MARKS, TATTOOS, AND AMPUTATIONS |
|---|---|
| A43562957 | Tattoo on Right hand LETTER "B" |

| | RESIDENCE/COMPLETE ADDRESS | CITY | STATE |
|---|---|---|---|
| | 284 Parkside Avenue | Buff | NY |

| OFFICIAL TAKING FINGERPRINTS (NAME OR NUMBER) | LOCAL IDENTIFICATION/REFERENCE | | |
|---|---|---|---|
| | (b)(7)(c) | PHOTO AVAILABLE?    YES ☐ | |
| | | PALM PRINTS TAKEN?    YES ☐ | |

| EMPLOYER: IF U.S. GOVERNMENT, INDICATE SPECIFIC AGENCY. IF MILITARY, LIST BRANCH OF SERVICE AND SERIAL NO. | OCCUPATION |
|---|---|
| | Laborer |

| CHARGE/CITATION | DISPOSITION |
|---|---|
| 1. | 1. |
| 2. | 2. |
| 3. | 3. |
| ADDITIONAL | ADDITIONAL |

| ADDITIONAL INFORMATION/BASIS FOR CAUTION | STATE BUREAU STAMP |
|---|---|
| | |

| LEAVE BLANK | CRIMINAL | | (STAPLE HERE) | | LEAVE BLANK |
|---|---|---|---|---|---|

STATE USAGE

NFF SECOND

SUBMISSION   APPROXIMATE CLASS   AMPUTATION   SCAR

STATE USAGE

LAST NAME, FIRST NAME, MIDDLE NAME, SUFFIX

**Gutierrez Flores, Darwin, Johan**

SIGNATURE OF PERSON FINGERPRINTED

SOCIAL SECURITY NO.

LEAVE BLANK

X *Darwin Gutierrez*

**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**

ALIASES/MAIDEN

ST NAME, FIRST NAME, MIDDLE NAME, SUFFIX

| FBI NO. | STATE IDENTIFICATION NO. | DATE OF BIRTH  MM  DD  YY | SEX | RACE | HEIGHT | WEIGHT | EYES | HAIR |
|---|---|---|---|---|---|---|---|---|
| 742046EB1 | 8616433Q | 5/9/80 | M | H | 66 | 167 | BR | BlK |

| R. THUMB | 2. R. INDEX | 3. R. MIDDLE | 4. R. RING | 5. R. LITTLE |
|---|---|---|---|---|

| 6. L. THUMB | 7. L. INDEX | 8. L. MIDDLE | 9. L. RING | 10. L. LITTLE |
|---|---|---|---|---|

# EXHIBIT 9

Form I-215W (3-27-67)

## UNITED STATES DEPARTMENT OF JUSTICE
IMMIGRATION AND NATURALIZATION SERVICE

### RECORD OF SWORN STATEMENT IN AFFIDAVIT FORM

#### AFFIDAVIT—WITNESS

IN RE: **Darwin Johan Gutierrez-Flores**          FILE NO. **A43 562 957**

EXECUTED AT **Niagara County Jail Lockport, NY** DATE **11/22/02**

Before the following officer of the U.S. Immigration and Naturalization Service: **William V. Bass II**

in the **English** language. Interpreter **N/A** used.

I, **Darwin Johan Gutierrez-Flores**, acknowledge that the above-named officer has identified himself to me as an officer of the United States Immigration and Naturalization Service authorized by law to administer oaths and take testimony in connection with the enforcement of the Immigration and Nationality laws of the United States. He has informed me that he desires to take my sworn statement regarding **status in US   entry into US   conviction**

He has told me that my statement must be made freely and voluntarily. I am willing to make such a statement. I swear that I will tell the truth, the whole truth, and nothing but the truth, so help me, God.

Being duly sworn, I make the following statement: **My true and correct name Darwin Johan GUTIERREZ-FLORES. I have never used any other name(s). I was born on 5/9/80 in San Pedro Sula, Honduras. My father is a citizen of Honduras and a legal permanent resident of the United States. My mother is a naturalized United States citizen. I entered the United States on or about 9/3/99 as a (FX2) immigrant in New York City. Since my entry into the United States, I was convicted of violation of Protection Order on 10/25/02 in Niagara County Court. I will be sentenced on 12/13/02.**

*Darwin Gutierrez*

*William V. Bass II*
*S/A*

Sworn & Subscribed to me at Niagara County Jail (Pod 1) on 11/22/02.

GPO 921-833



## Derivation USC Checklist

Subject Name: _Gutierrez-Flores , Darwin Johan_

a/k/a: _____

A#: _43 562 957_  DOB: _5/9/80_   DOE: _9/3/92_

1) Subject LPR: (YES)   NO
2) Subject under 18 years at entry:   (YES)   NO

If both answers are YES, The following information is required:

Mother's name: _Azucena Flores_ Maiden: _Flores_

A#: _91 347 502_   Citizenship #: _22396250_

Place of Birth _Honduras_   INS Status _NATZ USC_

Naturalization date & place: _6/7/96     NYC_

Father's name: _Aparicio Gutierrez_ aka: _____

A#: _____   Citizenship #: _____

Place of Birth _Honduras_   INS Status _____

Naturalization date & place: _____

Married _____ Divorced: _____ (month/day/year) Place: _____

Custody of subject:   Father   (Mother)

Telephone #: _____
Address: _Bri_
City: _Bronx_   State: _NY_

Comments/Derivation Decision: _Mother natz prior to subject's 18th birthday. Mother and Father never married. Mother has legal custody of subject._

Agent: _BASS_

# EXHIBIT 10

# EXHIBIT 11

 

# Department of Correctional Services

## Inmate Information

Inmate Information Data Definitions are provided for most of the elements listed below. When a detailed definition is available for a specific element, you may click on the element's label to view it.

| Identifying and Location Information As of 10/25/06 | |
|---|---|
| DIN (Department Identification Number) | 03B0337 |
| Inmate Name | GUTIERREZ, DARWIN J |
| Sex | MALE |
| Date of Birth | 05/09/1980 |
| Race / Ethnicity | HISPANIC |
| Custody Status | RELEASED |
| Housing Releasing Facility | COLLINS |
| Date Received (Original) | 02/11/2003 |
| Date Received (Current) | 02/11/2003 |
| Admission Type | |
| County of Commitment | NIAGARA |
| Latest Release Date / Type (Released Inmates Only) | 12/13/04 PAROLE - COND REL TO PAROLE |

| Crimes of Conviction If all 4 crime fields contain data, there may be additional crimes not shown here. In this case, the crimes shown here are those with the longest sentences. As of 10/25/06 | |
|---|---|
| Crime | Class |
| ████████████ | E |
| | |
| | |
| | |

| Sentence Terms and Release Dates Under certain circumstances, an inmate may be released prior to serving his or her minimum term and before the earliest release date shown for the inmate. As of 10/25/06 | |
|---|---|

NYS DOCS Inmate Information - Re

| | |
|---|---|
| **Aggregate Minimum Sentence** | 001 Years, 04 Months, 00 Days |
| **Aggregate Maximum Sentence** | 004 Years, 00 Months, 00 Days |
| **Earliest Release Date** | |
| **Earliest Release Type** | |
| **Parole Hearing Date** | 06/2005 |
| **Parole Hearing Type** | REAPPEARANCE |
| **Parole Eligibility Date** | 08/13/2003 |
| **Conditional Release Date** | 12/13/2004 |
| **Maximum Expiration Date** | 04/13/2006 |
| **Maximum Expiration Date for Parole Supervision** | |
| **Post Release Supervision Maximum Expiration Date** | |
| **Parole Board Discharge Date** | |

Home - Inmate Lookup - Contact Us - Press Releases - Jobs - Corcraft - DOCS Today - Directives - Disclaimer

# EXHIBIT 12

2/13/03

NYS DEPARTMENT CORRECTIONAL SERVICES            RCL217
REPORT OF ALIEN PERSON INSTITUTIONALIZED

TO: DISTRICT DIRECTOR OR OFFICER IN CHARGE,
    IMMIGRATION AND NATURALIZATION SERVICE.

THE FOLLOWING NAMED PERSON BELIEVED TO BE AN ALIEN WAS COMMITTED TO THIS
    CORRECTIONAL INSTITUTION AS AN INMATE.

THE FOLLOWING INFORMATION IS FURNISHED:

NAME: GUTIERREZ, DARWIN J                           DIN: 03B0337

ALIASES: GUITERREZ/FN    DARWIN    JOHN        OTHER NUMBER:

BIRTHPLACE: SAN PEDRO SULA      HONDURAS          DOB: 05/09/1980

LAST ADDRESS: 770 E 165TH ST                     IMMIGRATION STATUS
              BRONX              NY           ___ ALIEN
                                             ___ U.S. CITIZENSHIP CLAIMED

IF U.S. CITIZENSHIP CLAIMED INDICATE HOW ACQUIRED AND SHOW CERTIFICATE NO.

-------------------------------------------------------------------------------

WHERE ENTERED U.S.: NEW YORK          MANNER OF ENTRY: PLANE

NEAREST RELATIVE: AZUCENA FLORES
                  770 E 165TH ST BRONX, NY
                  718-542-1655

EARLIEST RELEASE DATE: 08/13/2003

_Donna J Goodwin   Clerk II_
SIGNATURE OF REPORTING OFFICER OR DIRECTOR

ELMIRA C & RC
BOX 500
ELMIRA, NY          14902

328

# EXHIBIT 13

CIMETD                    IMMIGRATION AND NATURALIZATION SERVICE          03/04/03
COMMAND:                  C1   FILE TRANSFER DISPLAY (      )              13:08:49

A#: 043562957  NAME: GUTIERREZ FLORES        ,DARWIN          DOB: 05091980

        PREVIOUS FCO: BUF              FCO CREATING SUB-FILE:
        CURRENT FCO: NRC               SUB-FILE CREATION IND:
        REQUEST FCO: BUF

    FILE LOCATED IND: R (FILE REQUESTED)

        DATE FTR: 03042003   (MMDDYYYY)      ACCESSION NUMBER: 0000
        DATE FTI: 12112002                   INS BOX NUMBER:
        DATE FTC: 12272002
                                             REQUEST NUMBER:
        PERSON/ACTION: ACAP                  2ND REQUEST DATE:
                                             3RD REQUEST DATE:

YOU MAY REQUEST A DISPLAY OF ANOTHER A-FILE BY KEYING A DIFFERENT A-NUMBER.

CLEAR EXIT    PF3 REFRESH    PF4 FTS MENU    PF5 HELP   PF6 CIS MAIN MENU

326

```
CIMSIN              IMMIGRATION AND NATURALIZATION SERVICE        03/04/03
COMMAND:         CENTRAL INDEX SYSTEM - DETAILED SEARCH DISPLAY    12:45:40

A#: 043562957 NAME: GUTIERREZ FLORES        ,DARWIN        DOB: 05091980

        LAST: GUTIERREZ FLORES
       FIRST: DARWIN                              NATZ DATE:
      MIDDLE: J                                       COURT:
     ALIASES: GUTIERREZ               ,DARWIN       LOCATION:


SEX: M   POE: NYC  COB: HONDU    DOE: 09031992
FCO: NRC  COA: FX2  COC:         FTC: 12272002   FATHER: APARICIO
PFCO: BUF  SFCO:     DFO: 09031992  BIN:          MOTHER: AZUCENA


         SSN:                 CONSOLIDATED A-NOS    --OTHER INFORMATION--
I-94 ADM #:                                        CARD-X
PASSPORT #:
     FBI #:
DRIVER LIC:
FINGER CD#:


    CLEAR EXIT       PF4 RETURN        PF5 HELP     PF6 CIS MAIN MENU
  PF7 NEXT SEARCH    PF8 VIEW HISTORY  PF9 VIEW EAD  PF10 NAILS    PF11 EOIR
PF10 REQUIRES A SPECIAL SECURITY CLASS.
```

EXHIBIT 14

# EXHIBIT 15



U.S. Department of Justice
Executive Office for Immigration Review
United States Immigration Court


In the Matter of                           File: A043-562-957



                                  )
DARWIN JOHN GUTIERREZ-FLORES       )        IN REMOVAL PROCEEDINGS
                                  )
     RESPONDENT                    )        Transcript of Hearing



Before NANCY R. MCCORMACK, Immigration Judge



Date: August 25, 2011                 Place: MIAMI, FLORIDA


Transcribed by DEPOSITION SERVICES, Inc.


Official Interpreter:  ABIGAIL RIVERA


Language:  SPANISH


Appearances:

   For the Department of Homeland Security: MICHAEL LEVY

   For the RESPONDENT: ANDREW SELEPIAN

```
1   JUDGE FOR THE RECORD
2               Immigration Judge Nancy R. McCormack in Miami,
3   Florida.  Today's date is August 25, 2011.  We are in master
4   calendar removal proceedings relating to Mr. Darwin John
5   Gutierrez-Flores, A 043 562 957.  The respondent is currently in
6   the Batavia New York Detention Center.  He is appearing there
7   this morning along with counsel and that is Mr. --
8   JUDGE TO MR. SELEPIAN
9               Q.   Counsel, could you say your name, please?
10              A.   Andrew Selepian (phonetic sp.), Your Honor.
11              Q.   Okay.  And could you move that microphone closer
12  to you and to your client?  Thank you.  And, sir, that is an
13  esquire?  Is that right?
14              A.   Correct, Your Honor.
15              Q.   Okay.
16  JUDGE FOR THE RECORD
17              The Department of Homeland Security represented by Mr.
18  Michael Levy, esquire and our interpreter present in Batavia is
19  Ms. Abigail Rivera with the Lionbridge Services in the Spanish
20  language.
21  JUDGE TO MR. GUTIERREZ
22              Q.   So to the respondent, sir, are you Darwin John
23  Gutierrez-Flores?
24              A.   Yes.
25              Q.   All right.  Sir, do you speak English?
```

1              A.    Yes, ma'am.

2              Q.    Yes, you do.  Okay.  And, sir, is Mr. --

3    JUDGE TO MR. SELEPIAN

4              Q.    I'm sorry.

5              A.    Selepian, Your Honor.

6    JUDGE TO MR. GUTIERREZ

7              Q.    Is he your attorney in these proceedings?

8              A.    Yes, Your Honor.

9              Q.    Okay.  All right.

10   JUDGE TO MR. SELEPIAN

11             Q.    Well, counsel, on behalf of your client did you

12   wish to concede service of the Notice to Appear dated June 13,

13   2011?

14             A.    Yes, Your Honor.  I do have a copy of the

15   document.

16             Q.    All right.  And are we ready today to go forward

17   with the pleadings?

18             A.    No, I'm not, Your Honor.  Actually, today I was

19   optimistic this morning we could pursue a bond hearing today.  I

20   spoke with the Government Attorney in advance of today's date.

21   He is inclined to deny bond or oppose it.  At this point, I

22   would like a short continuance to keep discussing the matter

23   with the Government Attorney and perhaps [indiscernible].

24             Q.    Okay.  Well, the bond matter is separate.  We're

25   now working on the case in chief.  But I'm going to interpret

1   your response to mean you would like some time for preparation.

2   Now the Department of Homeland Security, Mr. Levy's co-counsel

3   has filed with the Court, a composite exhibit involving a

4   criminal conviction record which is referenced or a record which

5   is referenced on allegation 5 contained on the Notice to Appear.

6   Counsel, do you have that exhibit?

7           A.   I've seen a copy of it in respondent's

8   possession, Your Honor.  However, I would note for the record

9   that it seems to be missing a page.  I believe page 5 is not in

10  the respondent's packet.

11          Q.   Okay.  I do have page 5 so Mr. Levy can correct

12  that for you.  All right.  So now it appears that there might be

13  some significant truth to the allegations contained on the

14  Notice to Appear.  However, on the other hand, the respondent

15  appears also to be eligible to apply for cancellation of removal

16  for lawful permanent residents.

17  JUDGE TO MR. LEVY

18          Q.   Would you agree with that, Mr. Levy?

19          A.   Your Honor, as the respondent is presently

20  charged, I would agree with that.  There are some other criminal

21  charges that we're waiting on records of conviction which may

22  change the Government's position on that.  But I would agree

23  with Your Honor as the respondent is presently charged.

24          Q.   Right.  Okay.  All right.

25  JUDGE TO MR. SELEPIAN

1         Q.   Counsel, how much time do you need to file the

2  EOIR-42A?

3         A.   Your Honor, we're not even ready to plead today.

4  Actually, we --

5         Q.  Well, counsel, we have to in these hearings, the

6  respondent as you've indicated to me is anxious to present his

7  case to get bonded out, to pursue his applications for relief

8  before the Court.  And see, DHS is going to probably dig in

9  their heels on relief and bonding out until it has been

10  demonstrated that the respondent is eligible for relief.  So now

11  I'm going to ask Mr. Levy.

12  JUDGE TO MR. LEVY

13        Q.  Mr. Levy, do you have evidence of any criminal

14  convictions that would bar the respondent from LPR cancellation?

15        A.  No, Your Honor.  I do not.

16        Q.  No.  Okay.

17  JUDGE TO MR. SELEPIAN

18        Q.  So this is what I'm going to do.  Counsel, I am

19  going to honor your wish and but I'm going to ask you to appear

20  at the next hearing to be ready to do the pleadings.  I'm not

21  telling you you have to admit anything.  But you do need to be

22  prepared to do the pleadings and to file this application for

23  relief.  And I think it would behoove Mr. Gutierrez-Flores to

24  have this application for lawful permanent resident cancellation

25  of removal in the record.  He's clearly been a resident since

1   1992.  He has the five years, the seven years.  This is not an

2   aggravated felony and it does appear that he has a problem.  And

3   I'm sure he would like to resolve that problem because if the

4   judge, whoever that may be, it probably won't be me, were to

5   grant his application then not only would his problem be solved

6   but in addition, he would be eligible to apply immediately for

7   naturalization which I would presume would be a goal that he

8   might want to pursue as well.  Okay.

9            A.   Okay.

10  JUDGE TO CLERK

11           Q.   So, Karen, that's our clerk of the Court, when is

12  the next master calendar date?

13           A.   We could do September 13th at 9:00 or 10:30 if

14  that's good for Mr. Selepian.

15  MR. SELEPIAN TO CLERK

16           Q.   10:30 is fine.

17           A.   10:30.

18  JUDGE TO MR. SELEPIAN

19           Q.   Okay.  So this case then will be rescheduled on

20  September 13th at 10:30 in the morning.  And the clerk there,

21  counsel, is going to provide to you, a copy of the written

22  notice of the new hearing date.

23  JUDGE FOR THE RECORD

24           And I will make a note that counsel has the exhibit

25  except for page 5 of the exhibit which will be corrected.

1   JUDGE TO MR. SELEPIAN

2          Q.   And then when you come back to court, you can

3   make reference to the pleadings and to submit the application

4   for relief.  Do you think the respondent would like to apply for

5   asylum as well?

6          A.   Well, that's what I'm trying to say, Your Honor.

7   During my preliminary investigation in this matter, I believe

8   the respondent is eligible for citizenship automatically as a

9   derivative of his, I believe his father or his mother.  I'm

10  sorry, Your Honor.  We're seeking to show that he was not

11  legitimated on the birth certificate and therefore under former

12  INA 221, he is an automatic citizen.  That's why I would like a

13  continuance.

14         Q.   Are his parents married?

15         A.   No, Your Honor.

16         Q.   All right.  How did he immigrate?  What was the

17  category?  He has an immigrant visa.  It's 43 million.  How did

18  he immigrate?

19         A.   That's all part of my reason I need a

20  continuance, Your Honor.  I was just hired.  I'm asking both of

21  you, not just you, counsel.  I'm asking Mr. Levy as well because

22  he has the A file.

23  MR. LEVY TO JUDGE

24         Q.   The respondent was admitted as an LPR, category

25  appears to be FX2.  I'm actually not familiar with that

1  category, Your Honor.  I would need to look into specifically

2  what that entails.

3          A.   Unmarried son or daughter of lawful permanent

4  resident who got their permanent residence through a

5  legalization.  And his mother, when did she become a citizen?

6  Do you have any record of that, Mr. Levy?  First of all, how old

7  was the respondent on September 3, 1992?

8  MR. GUTIERREZ TO JUDGE

9          Q.   I was 12 years old, Your Honor.  12.

10          A.   Okay.  All right.  All right.

11  MR. LEVY TO JUDGE

12          Q.   It appears the mother naturalized June 7, 1996,

13  Your Honor.  There was a previous N-600 which was filed in 2008

14  which was denied in 2009.

15          A.   Why?

16  MR. SELEPIAN TO MR. LEVY

17          Q.   It is the father didn't legitimize.  Under

18  Honduran law being on a birth certificate.

19          A.   You may know --

20  MR. SELEPIAN TO JUDGE

21          Q.   Your Honor, I have seen the denial but the

22  problem was is the Service believed that the father legitimized

23  the son because he was on the birth certificate however, I have

24  now done some research and found that under Honduran law, only

25  marriage of the parents legitimizes.  That's the argument.

1        A.    Right.  You don't have to be married.  Just

2   because you're on the birth certificate doesn't mean that you

3   know.

4        Q.    Right.

5        A.    So I'm asking Mr. Levy though.

6   JUDGE TO MR. LEVY

7        Q.    Why was that N-600 denied?  Was it just because

8   of that or was it some other reason?

9        A.    Mr. Selepian is correct.  The finding from USCIS

10  was that because the father was on the birth certificate, he was

11  legitimized by his father and therefore, not eligible to derive

12  U.S. citizenship through the respondent's mother alone.

13       Q.    Well, that's not right, Mr. Levy.  That's

14  incorrect.  Houston, you have a problem.  In Honduras, there is

15  no recognition in Honduras of legitimization by an, and I'm not,

16  you know, denigrating the respondent.  We're using legal terms

17  here of legitimacy versus illegitimacy.  It's nothing to do with

18  the respondent.  Just a legal term.  The parents had to be

19  married and if not, then the respondent would have had to been

20  legitimated by his father here in the United States after he

21  moved here in 1992 either through a formal declaration of

22  legitimacy and/or if he became, if they married which would have

23  then automatically.  So I don't believe either one of those

24  events occurred.  So we're not talking about anything like that.

25  JUDGE TO MR. SELEPIAN

1        Q.    Counsel, did the respondent's parents ever marry?

2        A.    No, Your Honor.

3        Q.    No.

4  JUDGE TO MR. LEVY

5        Q.    So then under the Immigration and Nationality Act

6  under definition of child 101(c), the respondent 101(a)(C),

7  wherever it is, the respondent then was considered to be the

8  child of his mother only unless there was some act of

9  legitimation which occurred.  Some countries are not like that.

10 Some countries in Jamaica, for example, if you're born on or

11 after 1975 or you were under 18 in 1975 by operation of law,

12 illegitimate children were equal, they had the same rights and

13 privileges as legitimate children.  It depends on the country

14 but in Honduras it's marriage only.  There is no legitimation.

15 JUDGE TO COUNSEL

16       Q.    So, counsels, it looks like somebody's going to

17 have to get busy because you might be holding a derivative

18 citizen there in custody.  Whoops.

19       A.    (Mr. Levy) Yes, Your Honor.

20       A.    (Mr. Selepian) That's, Your Honor, why I'm hoping

21 we could look into this matter first and that would preclude the

22 submission of an application for cancellation.  Hopefully, we

23 don't even need to get to that.

24 JUDGE TO MR. SELEPIAN

25       Q.    Okay.  Well, counsel, you're going to need to get

1   your documentation together, file an exhibit with the Court,

2   prepare a motion to terminate the removal proceedings, and

3   support your position with the case law so that the next

4   Immigration Judge.

5   JUDGE TO COUNSEL

6           Q.   Guys, I was a naturalization examiner and I have

7   been doing this for 35 years.  Okay.  Which makes me very boring

8   and I'm in a rut.  Okay.  But the bottom line is that perhaps

9   the next judge who might be assigned may not understand that.

10  JUDGE TO MR. SELEPIAN

11          Q.   So you need to, if that's your position, you have

12  to prepare it and file the brief and get the documents so that

13  the judge can take a look at terminating the proceedings rather

14  than concentrating on bonding him out which I know, obviously if

15  the judge terminates the proceedings and DHS agrees that the

16  evidence does tend to indicate that the respondent is a

17  derivative U.S. citizen then, you know, they probably will waive

18  appeal and the matter will go away.

19  JUDGE TO MR. LEVY

20          Q.   Yes, Mr. Levy.

21          A.   I'm just going to note, Your Honor, once an issue

22  of citizenship comes up, obviously we take these very seriously.

23  This will be looked into immediately and --

24          Q.   Okay.  Very good.  In fact, the DHS, the

25  enforcement people there, this is vitally important.  The first

1   thing they should do when they see someone has immigrated or

2   adjusted in the U.S. at a young age, number one, bang ditty

3   boom, ditty boom, mom and dad right away, mom and dad right

4   away.  And if the case is not convincing that the person is or

5   is not a citizen because remember, DHS has the burden of proof

6   and there's nothing more embarrassing for anyone's career and

7   believe me, it does happen.  It happens very frequently.  Many

8   people who are lawful permanent residents, maybe they don't know

9   that they're derivative citizens.  It happens a lot.  And, you

10  know, that's like the first thing that needs to be inquired into

11  and I appreciate your, you know, assiduously pursuing this

12  particular issue for both counsels.  I do appreciate it.  Okay.

13  I've made some notes on the worksheet so let's get that together

14  and see if it can be terminated and/or a motion filed and let

15  the judge rule on it.  Or if it's a joint motion to terminate

16  then certainly that would end the matter and the respondent

17  would be removed from custody.  Okay.  But from what you told

18  me, Mr. Levy, it sounds like that N-600 was not properly

19  adjudicated.  Okay.

20          A.   That may be, Your Honor, and obviously you know,

21  you mentioned the issue of citizenship.  That's something that's

22  looked into but my guess is that with the N-600 denial, it was

23  thought that was taken care of.  I see the point that you're

24  making and I will look into it myself, Your Honor.  We'll get to

25  the bottom of this right away.

1          Q.    Okay.  Great.

2    JUDGE TO COUNSEL

3          Q.    Great, gentlemen.  But at any rate, hopefully

4    this may be resolved before September 13th, by the next master

5    calendar.  Okay.  All right, counsels.  Anything else from

6    either party?

7          A.    (Mr. Selepian) Yes, Your Honor.  If the matter is

8    still on for September 13th, are you still expecting an LPR

9    cancellation application to be submitted that day?

10   JUDGE TO MR. SELEPIAN

11         Q.    Well, it depends on what happens in the meantime.

12   Okay.

13         A.    Your Honor, I'm going to have to start preparing

14   that immediately to have that ready for the 13th.

15         Q.    Well, it's only two pages.  I mean how tough is

16   that?  You know --

17         A.    Putting together the documentation, et cetera.

18         Q.    Well, you don't have to file the documentation.

19   You just have to file the application.

20         A.    Okay.  Just the bare bones application, we can

21   have that for the 13th.

22         Q.    Okay.  But now don't be coming in there with the

23   next judge and telling them that I told you that, you know,

24   this, that and the other.  We all know now what the issues are

25   on the table and if that doesn't work out then the cancellation

```
1   is there so he's eligible.  Okay.  All right.

2   JUDGE TO COUNSEL

3              Q.   Good luck folks.  Work to do.

4   JUDGE FOR THE RECORD

5              Hearing concluded

6                   HEARING CONTINUED

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

# EXHIBIT 16

September 16, 2011

Azucena Flores

(b)(6)

To Whom It May Concern:

I am writing this letter on behalf of my son Darwin Gutierrez. I am a single mother of three, and raised Darwin by myself, without child support from his father or government assistance. Darwin's father abandoned us when I was pregnant with Darwin. I left my native country searching for the American dream and an opportunity for job and education for Darwin and his sister. Consequently, Darwin and were separated for more than nine years. I petitioned Darwin as soon as I could and I am grateful the United States granted him a permanent resident and we were reunited in 1992.

I became naturalized in 1996. Darwin had a green card, was under 18, and living with me. When Darwin's father abandoned us while I was pregnant, he gave up all his rights so he was never needed to register him in school, make medical decisions, or when he move to the USA. Darwin got his visa and citizenship through me.

Darwin has a nine year old daughter who lost her mother in a tragic way seven years ago. Her mother was murdered and if this wasn't enough, she was separated from her siblings a few months later. My grandchild needs her father and losing another parent would be devastating. Darwin has a two months old baby boy who needs him as well.

I am disabled and suffering from lumbar illness and can't move around a lot without pain and suffer from severe depression as well. I understand Darwin has been in trouble with the law before and as a mother that was once separated from her only son, I am begging you to let him stay in this country and give him a chance to raise his two children.

Sincerely,

Azucena Flores
Azucena Flores

EXHIBIT 17

OPTIONAL FORM 155A, (Rev. 6–85)
DEPT. OF STATE

NSN 7540-01-126-7761

501F-203

**IV-43,562957**

# IMMIGRANT VISA AND ALIEN REGISTRATION

☐ THE IMMIGRANT HAS BEEN PREVIOUSLY IN THE UNITED STATES

**OF:** *(Family Name)*     *(First Name)*          *(Middle Name)*
GUTIERREZ FLORES, DARWIN JOHAN

INS FILE #, IF KNOWN

ACTION BY IMMIGRATION INSPECTOR

U. S. IMMIGRATION
NEW YORK, N.Y. 2348

SEP 03 1992

ADMITTED FX-2
UNTIL          (CLASS)

A 43562957

THE IMMIGRANT NAMED ABOVE ARRIVED IN THE UNITED STATES VIA *(Name of vessel or flight no. of arrival)*

LA 680          9/3/92

INELIGIBILITY FOR VISA WAIVED UNDER SECTION

☐ 212(e)   ☐ 212(h)
☐ 212(g)   ☐ 212(i)

CITY AND COUNTRY OF BIRTH
SAN PEDRO SULA, HONDURAS

MO-DAY-YR OF BIRTH
09MAY1980

CITY AND COUNTRY OF LAST RESIDENCE
SAN PEDRO SULA, HOND

NATIONALITY
HONDURAN

MARITAL STATUS
☐ M  ☒ S  ☐ W  ☐ D  ☐ SEP

MOTHER'S FIRST NAME
GUILLERMINA

FATHER'S FIRST NAME
APARICIO

FINAL ADDRESS IN THE UNITED STATES

STREET ADDRESS, INCLUDE—IN CARE OF & APT# IF APPLICABLE
765 EAST 163 ST. 10F

CITY, STATE, AND ZIP CODE, IF AVAILABLE
BRONX, NY          10456

SEC. 212(o)(14)
LABOR CERTIFICATION  ☐ NOT APPLICABLE  ☒ NOT REQUIRED  ☐ ATTACHED

OCCUPATION
STC STUDENT

SEX M ☒
F ☐

This visa is issued under Section 221 of the Immigration and Nationality Act, and upon the basis of the facts stated in the application. Possession of a visa does not entitle the bearer to enter the United States if at the time he seeks to enter he is found to be inadmissible. Upon arrival in the United States, it must be surrendered to a United States Immigration Officer.

AMERICAN EMBASSY

AT TEGUCIGALPA, HONDURAS

ALLISON J. PUGG
VICE CONSUL OF THE UNITED
STATES Consular Officer of the United States of America

certification

UNITED STATES OF AMERICA

Tariff No. 2
Fee Paid $75
Local Cy, Equiv. _____

**IMMIGRANT CLASSIFICATION**

CLASSIFICATION SYMBOL
FX2

FOREIGN STATE/OTHER AREA LIMITATION
HONDURAS

IMMIGRANT VISA NO.
TGG199006812101 43562957

ISSUED ON    (Day)    (Month)    (Year)
18JUN1992

THE VALIDITY OF THIS VISA EXPIRES MIDNIGHT AT THE END OF
(Day)    (Month)    (Year)
15OCT1992

**PASSPORT**

NO.
539605

OR OTHER TRAVEL DOCUMENTS (Describe)

ISSUED TO    DARWIN JOHAN GUTIERREZ FLORES

BY    MINISTRY OF FOREIGN AFFAIRS

ON

EXPIRES    **IV-43,562957**

ACTION OF I.J.

PROCESSED FOR I-551.
TEMPORARY EVIDENCE OF

U.S.P.H.S.

Info given to IRS on date of I-551

Siana J. McLean, Esq.                                    **DETAINED**
2777 Sheridan Drive, Suite 202
Buffalo, NY 14150

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**IMMIGRATION COURT**
**BATAVIA, NY 14020**

|  |  |  |
|---|---|---|
| In the Matter of: | ) | |
| | ) | |
| GUTIERREZ-FLORES, Darwin John | ) | A 043 562 957 |
| Respondent | ) | |
| | ) | |
| In Removal Proceedings | ) | |
| | ) | |
| | ) | |

**RESPONDENT'S SUPPLEMENTAL EVIDENCE**

RECEIVED
CHIEF COUNSEL
2012 MR 14 AM 8:59
FEDERAL DETENTION FACILITY
BATAVIA, NY

"EXHIBIT  7 (²7²)
ID
EVIDENCE 3/7/12

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
BATAVIA, NY 14020

| | | |
|---|---|---|
| In the Matter of: | ) | |
| | ) | |
| GUTIERREZ-FLORES, Darwin | ) A 043 562 957 | |
| Respondent | ) | |
| | ) | |
| In Removal Proceedings | ) Immigration Judge: Steven J. Connely | |
| | ) Individual Hearing: March 27, 2012 | |
| | ) | |

## SUPPLEMENTAL EVIDENCE

Respondent, Gutierrez, hereby files the following supplemental evidence in support of his application for cancellation of removal for certain permanent residents:

K. Copy of son's birth certificate indicating birth in the United States

L. Four Support letters from friends and colleagues of Respondent

M. Support letter from Respondent's fiancée, Michele Sardo, a US Citizen

N. Mortgage Statement with statement from Michele Sardo indicating contribution from Respondent

O. Evidence of payment of child support for Respondent's daughter

P. Evidence of filed tax returns

Respondent requests that these documents be included in his previously submitted application.

DATED: March 13, 2012

Respectfully submitted,

Siana J. McLean, Esq.
Attorney for Respondent

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Supplemental Evidence list has been delivered to the Office of the Chief Counsel at 4250 Federal Drive, Batavia, NY 14020 this 14 day of March, 2012.

Siana J. McLean, Esq.

Judge Connolly,

I am writing this letter in regards to the petition that was filed for my fiancé Darwin Johan Gutierrez. The purpose of this letter is to provide documentation of hardship to my family and myself. The absence of my fiancé and domestic partner, has proved to be an extreme hardship for us as we not only miss and love him, we depend on him in every aspect of our lives. As his fiancé I hope to prove, not only through this letter but also through documentation that is included that Darwin Gutierrez absence is affecting us financially, and emotionally.

I am a US citizen and have known Darwin for five years. I know Darwin well and know about his criminal background. In all the years I've known Darwin, he has not been violent. He is a good person and loves his family. I love Darwin very much and would be very devastated if he were not here to watch our family grow. We live together and we both support our family.

It has been very difficult financially for me without him to help me. I am the only one working and supporting our family right now. Since Darwin has been detained I have had to start receiving food stamps, Medicaid, and daycare assistance. I have become late on payments for things like mortgage, utilities, car payment. I need Darwin home to help support our family like he was before he was detained. I was on maternity leave and had to return to work sooner because I am the only one to support our family. Darwin was going for job interviews so we could both take care of our children. Now I have extra expenses like daycare, the extra gas cost every week, and the cost of raising a new born alone.

Our children miss him very much. He is a very good father financially and emotionally. I have an eight year daughter that is not biologically Darwin's child but he is the only man that has taken care of her as a father would. My daughter considers him her daddy and would be emotionally devastated if he were deported. The holidays just passed and were very difficult for her without him home. I can't imagine what it will do to her if she has to grow up without him. Darwin has a 10 year daughter, Francis Robles whose mother was murdered when she was two. She needs him in her life to support her financially and emotionally. She is part of our family and comes over on the weekends and she is close with my daughter. These months without him have been very hard for her. She is depressed and needs therapy. Darwin and I have a new born son together. He needs his father in his life to love him, guide him, and support him.

I know Darwin has made mistakes, but he has learned from them. His mistakes do not show the type of person he is. I don't think it is fair to our children that they lose their father because of something that happened ten years ago. They will be the people who suffer the most if Darwin is deported. We all love him and need him to stay here.

Sincerely,
Michele Sardo

To Whom it May Concern;

I don't feel Darwin Gutierrez- Flores is a threat or a danger to society or to himself. I know Darwin through Michele Sardo, my cousin. I am a U.S. Citizen. I have never heard him raise his voice to anyone, even when my kids or my cousin's daughter would act up. Darwin was always laid back went with the flow kind of guy. Darwin never seemed angry or mad. He was excited about getting his life back on track by looking for employment; changing and being more selective when choosing people to be around. Darwin had placed several applications for employment before becoming incarcerated. If you have any questions feel free to contact me at

(b)(6)

Thank-you for your time,

X _Joanne Kowarko_

Joanne Kowarko

MARY ANN LEVINGER
Lic. #01LE5068973
Notary Public-State of New York
Qualified in ERIE COUNTY

11/12/2014

To whom it May Concern;

I met Darwin Gutierrez- Flores through Michele Sardo, she is my wife's cousin and a coworker. Darwin has always been nice, a little quiet until he gets to know you; he has always been calm and helpful. I am a U.S. Citizen. We have enjoyed time in the great outdoors, had good conversations and some laughs. He helped me move a hot water tank without really even knowing me. I have never known Darwin to be violent, raise his voice, or be mean. I strongly feel that Darwin is not a danger or threat to society; I have only known him to be well mannered and calm. If you have any questions, please feel free to contact me at

(b)(6)

Thank-you for your time,

Daniel Kowarko

MARY ANN LEVENGER
Lic. #01LE5068973
Notary Public-State of New York
Qualified in ERIE COUNTY

JS 44  (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

Darwin J. Gutierrez-Flores

**DEFENDANTS**

U.S. Department of Justice/ICE, DHS E.R.O Buffalo/
Michael Phillins

**(b)** County of Residence of First Listed Plaintiff   United States
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   United States
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

79 Marine Drive  apt #11G
Buffalo N.Y. 14202

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☐ 3  Federal Question *(U.S. Government Not a Party)* |
| ☒ 2  U.S. Government Defendant | ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)* |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                          *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                              Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent ☐ 835 Patent - Abbreviated New Drug Application | ☐ 430 Banks and Banking ☐ 450 Commerce ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | Corrupt Organizations ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | | ☐ 893 Environmental Matters ☐ 895 Freedom of Information |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty **Other:** | **IMMIGRATION** | | ☒ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other ☐ 550 Civil Rights | ☐ 462 Naturalization Application ☐ 465 Other Immigration | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | Actions | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation - Transfer  ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. & 2401 (b)

Brief description of cause:

**VII. REQUESTED IN COMPLAINT:**

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
$5,000,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**

*(See instructions)*   JUDGE _____   DOCKET NUMBER _____

DATE   1-20-2022

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____